**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:                                                    Bky. No. 25-33272

Emily Sue Lawrence,

        Debtor(s).                                    Chapter 7 Case

**NOTICE OF HEARING AND MOTION TO DELAY ENTRY OF DISCHARGE ORDER**

TO:    THE DEBTOR(S), CHAPTER 7 TRUSTEE, UNITED STATES TRUSTEE AND OTHER PARTIES ENTITLED TO NOTICE UNDER LOCAL RULES 2002-1 AND 9013-3.

1.    Stephen J. Behm, attorney of record for the above-referenced debtor, moves the Court for the relief requested below and gives notice of hearing.

2.    A hearing regarding this motion will be held on ***Thursday, March 5, 2026 at 9:00 a.m.*** before Honorable Katherine A. Constantine, Chief Judge of Bankruptcy Court at the Diana E. Murphy United States Courthouse, Courtroom 8 West, 8t Floor, 300 South Fourth Street, Minneapolis, MN 55415.

3.    Any responsive papers to this motion must be filed and served not later than ***Thursday, February 26, 2026*** which is seven (7) days prior to the time set for hearing (including Saturdays, Sundays and holidays) ***UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.***

4.    The Petition commencing this case was filed on October 15, 2025.  The debtor's 11 U.S.C. §341 first meeting of creditors was duly conducted on December 10, 2025.  This case is pending in this Court.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Local Rule 1070-1, Bankruptcy Rule 5005 and all applicable rules. This proceeding is a core proceeding.

5.    This motion arises under 11 U.S.C. § 524 and the relief is requested under Bankruptcy Rules 4004(c)(2), 9006 and 9013 and Local Rules 9006-1, 9013-1, 9013-2, 9013-3 and 9013-4.  On December 10, 2025, trustee filed a report of no distribution.  It is estimated that the discharge order in this case will be entered on or about February 9, 2026.

6.    The debtor respectfully requests the court to delay entry of the discharge order in the debtor's case for at least thirty (30) days for the following reasons:   The debtor wants to reaffirm the debtor's lease with secured creditor SFS Leasing, Ltd. concerning the

1

debtor's 2025 Jeep Compass. The debtor would like to retain personal liability on the lease. If a reaffirmation agreement is not signed and filed, the secured creditor will not report the debtor's ongoing payments to the various credit reporting agencies. The debtor will not experience rehabilitative consequence to the debtor's credit profile by continuing to make the payments. Without the filing of the fully executed reaffirmation agreement, the debtor will have difficulty managing the lease and obtaining information about the lease account from the secured creditor. The debtor would like the court to delay the entry of the debtor's discharge order for at least thirty (30) days to allow the debtor further time to request a reaffirmation agreement from the secured creditor.

7.      If testimony is necessary as to any facts relevant to this motion, the debtor reserves the right to call the debtor and any other necessary individuals to testify.

WHEREFORE, the debtors respectfully request the Court to issue an Order as follows:

A.      Delaying entry of the debtor's discharge order for at least thirty (30) days.

B.      For such other and further relief as the Court deems just and equitable.

Said Motion is based upon all the documents on record and the attached memorandum of law.

Dated: this 6th day of February, 2026.

**BEHM LAW GROUP, LTD.**

/s/ Stephen J. Behm
Stephen J. Behm, #263758
424 Park Lane, Suite 1
P.O. Box 1056
Mankato, MN 56002-1056
Telephone: (507) 387-7200

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re: | Bky. No. 25-33272 |
| Emily Sue Lawrence, | |
| Debtor(s). | Chapter 7 Case |

## MEMORANDUM OF LAW

### I.

### INTRODUCTION AND FACTUAL BACKGROUND

Pursuant to Local Rule 9013-2, the Debtor submits this memorandum in support of the

debtor's motion to delay entry of the debtor's chapter 7 discharge. The Petition commencing this

case was filed on October 15, 2025. The debtor's 11 U.S.C. §341 chapter 7 first meeting of

creditors was duly conducted on December 10, 2025. On December 10, 2025, the chapter 7

trustee filed a trustee's report of no distribution. The discharge order in this case is scheduled to

be issued on or about February 9, 2026.

The debtor wants to reaffirm the debtor's lease with secured creditor SFS Leasing, Ltd.

concerning the debtor's 2025 Jeep Compass. The debtor would like to retain personal liability

on the lease. If a reaffirmation agreement is not signed and filed, the secured creditor will not

report the debtor's ongoing payments to the various credit reporting agencies. The debtor will

not experience rehabilitative consequence to the debtor's credit profile by continuing to make the

payments. Without the filing of the fully executed reaffirmation agreement, the debtor will have

difficulty managing the lease and obtaining information about the lease account from the secured

creditor. The debtor would like the court to delay the entry of the debtor's discharge order for at

least thirty (30) days to allow the debtor further time to request a reaffirmation agreement from the secured creditor.

## II.

## ISSUE

**Should the Court grant the debtor's motion to delay the entry of the debtor's Chapter 7 Discharge order?**

## III.

## ANALYSIS

Bankruptcy Rule 4004(c)(1) provides that in a chapter 7 case, after the time has expired for parties to object to the debtor's discharge, the bankruptcy court "shall forthwith grant the discharge" unless one of the listed factors is present. *In re Petrone*, *498 B.R. 1 (1ˢᵗ Cir. B.A.P. 2013)*. Notwithstanding Bankruptcy Rule 4004(c)(1), a bankruptcy court may defer the entry of debtor's discharge for up to 30 days, and, if the debtor files another motion within that 30–day period, the bankruptcy court may exercise its discretion to further defer the entry of discharge to a "date certain." *Id*. "The threshold prerequisite to an exercise of discretion to defer discharge under Rule 4004(c)(2) is that the debtors must be acting in good faith. *Id*. Although multiple extensions may be warranted under certain circumstances, Bankruptcy Rule 4004(c)(2) cannot be used to delay the entry of discharge indefinitely. *In re Roderick*, *425 B.R. 556 (Bankr. E.D. Cal. 2010)*. Bankruptcy Rule 4004(c)(2) of the Federal Rules of Bankruptcy Procedure was specifically written to allow the Debtor to delay entry of the discharge so that a reaffirmation agreement could be considered. *In re Rigal, 254 B.R. 145 (Bank. S.D. Tex. 2000)*.

Fed. R. Bankr. P. 4004 provides that the court shall forthwith grant a discharge upon the expiration of the time fixed for filing a complaint objecting to discharge. *Fed. R. Bankr. P.*

*4004(c)*.  See also *In re Golladay, 391 B.R. 417 (C.D. Ill. 2008)*.  Fed. R. Bankr. P. 4004( c ).

Rule 4004 sets the time for filing such a complaint as no later than 60 days after the first date set

for the meeting of creditors under 11 U.S.C. § 341(a).  *Id*.  The Bankruptcy Code contains

numerous safeguards to ensure that reaffirmations by Chapter 7 debtors are genuine and that they

are not entered into as a result of overreaching creditors' practices.  *Id*.  Vacation of an order of

discharge previously granted in a Chapter 7 bankruptcy is not an appropriate exercise of a

bankruptcy court's equitable power under 11 U.S.C. § 105(a).  *Id*.   That is, bankruptcy courts

may not use equitable principles to disregard unambiguous statutory language.  *Id*. The

statutorily-prescribed manner by which a debtor whose discharge date is approaching should

proceed in order to ensure that the debtor is able to enter into a valid reaffirmation agreement is

set forth in Fed. R. Bankr. P. 4004( c )(2), which provides in part that on motion of the debtor,

the court may defer the entry of an order granting a discharge for 30 days and, on motion within

that, the court may defer entry of the order to a date certain.  *Id*. The purpose of the rule is to

allow debtors additional time to negotiate reaffirmation agreements given that they are not

enforceable if entered into post-discharge.  *Id*.

In the present case, the debtor wants to reaffirm the debtor's lease with secured creditor

SFS Leasing, Ltd. concerning the debtor's 2025 Jeep Compass.  The debtor would like to retain

personal liability on the lease.  If a reaffirmation agreement is not signed and filed, the secured

creditor will not report the debtor's ongoing payments to the various credit reporting agencies.

The debtor will not experience rehabilitative consequence to the debtor's credit profile by

continuing to make the payments.  Without the filing of the fully executed reaffirmation

agreement, the debtor will have difficulty managing the lease and obtaining information about

the lease account from the secured creditor.  The debtor would like the court to delay the entry of

the debtor's discharge order for at least thirty (30) days to allow the debtor further time to request a reaffirmation agreement from the secured creditor.

IV.

<strong><u>CONCLUSION</u></strong>

Based upon the foregoing, the debtor contends that good cause exists for the court to delay the entry of the chapter 7 discharge order for at least thirty (30) days. The debtor respectfully requests the court to grant the debtor's application to delay the entry of the debtor's chapter 7 discharge order, accordingly.

Dated: this 6th day of February, 2026.

**BEHM LAW GROUP, LTD.**

/s/ Stephen J. Behm
Stephen J. Behm, #263758
Attorney for Debtor
424 Park Lane, Suite 1
P.O. Box 1056
Mankato, MN 56002-1056
Telephone: (507) 387-7200

## <u>VERIFICATION</u>

I, Emily Sue Lawrence, the debtor herein, swear under oath and under penalty of perjury that I have reviewed the **Notice of Hearing and Motion to Delay Entry of Discharge Order and Memorandum of Law** and that the same are true and correct to the best of my knowledge, information and belief.

Executed on <u>February 6th</u>, 2026.

/s/: Emily Sue Lawrence

Emily Sue Lawrence

In Re:                                                    Bky. No. 25-33272

Emily Sue Lawrence,

                   Debtor(s).                             Chapter 7 Case

# UNSWORN CERTIFICATE OF SERVICE

I, Stephen J. Behm, attorney with Behm Law Group, Ltd. 424 Park Lane, Suite 1, P.O. Box 1056, Mankato, MN 56002-1056 declare that on February 8, 2026, I mailed copies of the attached **Notice of Hearing and Motion to Delay Entry of Discharge Order, Memorandum of Law, Verification and proposed Order** upon all of the entities listed below and on those listed on the attached service list by first class mail postage prepaid to each entity on said list at the addresses stated for each entity, as indicated.

Emily Sue Lawrence, 628 Turner Drive, Henderson, MN 56044.

All creditors listed on the debtor's creditor Street matrix (see attached list).

Upon each of the entities named below by email via CM/ECF Filing:

| | | |
|---|---|---|
| Michael S. Dietz, trustee | -- | mdietztee@outlook.com |
| U.S. Trustee | -- | ustpregion12.mn.ecf@usdoj.gov |

Dated:  February 8, 2026.

**BEHM LAW GROUP, LTD.**

/s/ Stephen J. Behm
Stephen J. Behm, #263758
424 Park Lane, Suite 1
P.O. Box 1056
Mankato, MN  56002-1056
Telephone:  (507) 387-7200

Label Matrix for local noticing
0864-3
Case 25-33272
District of Minnesota
St Paul
Sun Feb  8 20:13:30 CST 2026

St Paul
200 Warren E. Burger Federal Building
and U.S. Courthouse
316 N Robert St
St Paul, MN 55101-1495

American Express
P.O. Box 981535
El Paso TX 79998-1535

Apple Card/GS Bank USA
11850 South Election Road
Draper UT 84020-6814

Apple Card/GS Bank USA
Lockbox 6112
P.O. Box 7247
Philadelphia PA 19170-0001

Benjamin Poquette
628 Turner Drive
Henderson MN 56044-7748

Capital Community Bank
3280 North University Avenue
Provo UT 84604-4405

Capital One Card Services
P.O. Box 30285
Salt Lake City UT 84130-0285

Comenity Bank/ULTA
Attn: Bankruptcy Department
P.O. Box 183043
Columbus OH 43218-3043

Comenity Capital Bank/ULTA
3095 Loyalty Circle
Building A
Columbus OH 43219-3673

Comenity Capital Bank/ULTA
P.O. Box 183043
Columbus OH 43218-3043

Concora Credit
P.O. Box 4477
Beaverton OR 97076-4401

Concora Credit
P.O. Box 4499
Beaverton OR 97076-4499

Concora Credit
P.O. Box 84059
Columbus GA 31908-4059

Concora Credit/Indigo
P.O. Box 4477
Beaverton OR 97076-4401

Concora Credit/Milestone
P.O. Box 4499
Beaverton OR 97076-4499

Credit One Bank
P.O. Box 98873
Las Vegas NV 89193-8873

Credit One Bank, N.A.
P.O. Box 98872
Las Vegas NV 89193-8872

Credit One Bank, N.A.
P.O. Box 98875
Las Vegas NV 89193-8875

(p)FROST ARNETT
BANKRUPTCY DEPARTMENT
PO BOX 198988
NASHVILLE TN 37219-8988

Integra Credit
120 S. LaSalle Street
Suite 1600
Chicago IL 60603-3402

Integra Credit
200 West Jackson Boulevard
Suite 500
Chicago IL 60606-6949

Milestone Credit Card
Concora Credit
P.O. Box 84059
Columbus GA 31908-4059

Millstone Credit Card
Concora Credit
P.O. Box 4499
Beaverton OR 97076-4499

NCB Management Services, Inc.
One Allied Drive
Feasterville Trevose PA 19053-6945

National Credit Adjusters
P.O. Box 3023
327 West 4th Avenue
Hutchinson KS 67501-4842

National Credit Adjusters
P.O. Box 4115
Concord CA 94524-4115

Republic Bank & Trust Company
601 West Market Street
Louisville KY 40202-2700

Republic Bank & Trust Company
Elastic Payment Processing
P.O. Box 950276
Louisville KY 40295-0276

Republic Bank & Trust Company
c/o Net Credit
P.O. Box 206766
Dallas TX 75320-6766

Republic Bank & Trust Company
c/o Net Credit/LOC Dept. Mngr.
4030 Smith Road
Cincinnati OH 45209-1937

Republic Bank & Trust Company
c/o NetCredit
175 Jackson Blvd. Ste. 600
Chicago IL 60604-2948

SFS Leasing, Ltd.
P.O. Box 2067
Carmel IN 46082-2067

(p)SPIRE RECOVERY SOLUTIONS LLC
57 CANAL STREET
SUITE 302
LOCKPORT NY 14094-2845

Synchrony Bank/Amazon
Attn: Bankruptcy Dept.
P.O. Box 71783
Philadelphia PA 19176-1783

Target Card Services
P.O. Box 1581
Minneapolis MN 55440-1581

Target Card Services
P.O. Box 660170
Dallas TX 75266-0170

Target Card Services
P.O. Box 673
Minneapolis MN 55440-0673

US Trustee
1015 US Courthouse
300 S 4th St
Minneapolis, MN 55415-3070

Verizon Wireless
Attn: Bankruptcy Department
500 Technology Dr., Suite 550
Saint Charles MO 63304-2225

Wells Fargo Card Services
P.O. Box 10347
Des Moines IA 50306-0347

XACT Loans
429 South Keller Road
Orlando FL 32810-6269

Emily Sue Lawrence
628 Turner Drive
Henderson, MN 56044-7748

Michael S. Dietz
Michael S. Dietz, Esq., Ch. 7 Trustee
1529 Hwy 14 East
Suite 200, #241
Rochester, MN 55904-5307

Stephen Behm
Behm Law Group, Ltd
424 Park Lane
Suite 1
P.O. Box 1056
Mankato, MN 56002-1056

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Frost-Arnett
P.O. Box 198988
Nashville TN 37219

Spire Recovery Solutions, LLC
57 Canal Street
Suite 302
Lockport NY 14094-2845

End of Label Matrix
Mailable recipients     44
Bypassed recipients      0
Total                   44

In Re:                                                        Bky. No. 25-33272

Emily Sue Lawrence,

        Debtor(s).                              Chapter 7 Case

## ORDER DELAYING ENTRY OF DISCHARGE ORDER

Hearing on this matter was duly held before the undersigned on March 5, 2026 upon the debtor's Notice of Hearing and Motion to Delay Entry of Discharge Order.  Appearances were noted on the record.

Based upon the arguments of counsel and upon all the documents and records available to this Court,

**IT IS HEREBY ORDERED:**

A.      The motion to delay entry of the debtor's discharge order is GRANTED.

B.      Entry of the debtor's discharge order shall be delayed until _____.

Dated:

                    **BY THE COURT:**

                    Katherine A. Constantine
                    Chief United States Bankruptcy Judge